s

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LAKE MATHEWS MINERAL PROPERTIES, LTD., Debtor<br><br>PAUL MERRITT,<br>           Plaintiff-Appellant,<br>      v.<br>PECAS LLC, *et al.*,<br>           Defendant-Appellees. | Case No. CV 22-247-DMG<br><br>**ORDER RE BANKRUPTCY APPEAL [1]**<br><br>Bankruptcy No.: 2:16-bk-16363-NB<br><br>Adversary No.: 2:20-ap-01160-NB |

    Before the Court is an appeal by *pro se* Plaintiff-Appellant Paul Merritt of an Order of the United States Bankruptcy Court for the Central District of California. [Doc. # 1.] For the reasons discussed herein, the Court **AFFIRMS** the Bankruptcy Court's Order and **DISMISSES** Merritt's appeal.

# I.

# PROCEDURAL BACKGROUND

On January 12, 2022, Merritt filed a notice of appeal ("NOA") of an order of the Bankruptcy Court for the Central District of California dismissing the adversary proceeding between Plaintiff-Appellant and Defendant-Appellees, No. 2:20-ap-01160-NB (the "Adversary Case"), and denying leave to file a First Amended Complaint ("FAC"). *See* NOA, Ex. 1 (Ord. Denying Leave to File Amended Complaint and Dismissing Adversary Proceeding without Leave for Further Amendments) at 6–10 [Doc. # 1 ("Dismissal Order")]. On September 15, 2022, the Court received notice that the bankruptcy record was complete. [Doc. # 24.] On December 14, 2022, Merritt filed his supplemental opening brief ("AOB"). [Doc. # 27.]

Merritt served the Chapter 7 Trustee of the Bankruptcy estate Elisa D. Miller, Miller's lawyer Juliet Y. Oh, and a Michael J. Berger, who is the attorney for the debtor Lake Mathews Mineral Properties, LTD in the lead bankruptcy case.[1] [Doc. # 1.] The adversary proceeding from which this appeal arises involves two defendants, PECAS LLC ("PECAS"), and Chabad Temple Inc. ("Chabad"), neither of whom Merritt served in the underlying adversary proceeding or in this appeal. *See* Fed. R. Bankr. P. 8009(a)(1)(A); *see also* Adversary Case, Doc. # 5 (summons and notice of status conference on Defendants returned unexecuted). Even if they had been served, the defendants do not have "any obligation to respond" to the suit because it was stayed as of September 17, 2020. Dismissal Ord. at 7; Adversary Case, Doc. # 6.

---

[1] While service on the debtor's attorney is required in the adversary proceeding itself, no such rule applies to district court appeals of bankruptcy court orders. *Compare* Fed. R. Bankr. P. 7004(g) ("If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney . . . .") *with* Fed. R. Bankr. P. 8011(b) ("[A] party must, at or before the time of the filing of a document, serve it on the other parties to the appeal."). In an appeal of an order in an adversary proceeding, such as this one, the debtor is not necessarily a "part[y] to the appeal." *See* Fed. R. Bankr. P. 7001 (listing types of adversary proceedings).

The Court has considered Merritt's written submission and deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.
## FACTUAL BACKGROUND

On May 13, 2016, Lake Mathews Mineral Properties, LTD ("LMMP") filed a voluntary Chapter 11 bankruptcy petition. *See* Dismissal Ord. at 6; *see also In re Lake Mathews Mineral Properties, LTD*, Case No. 2:16-bk-16363-NB (Bankr. C.D. Cal. 2016) ("Lead Case"). Nearly a year later, on March 2, 2017, the Bankruptcy Court converted the action to a Chapter 7 bankruptcy case. *See* Dismissal Ord. at 8. The Bankruptcy Court ultimately approved the sale of virtually all LMMP's assets to PECAS for $78,000, which also included a settlement and mutual releases with PECAS. *Id.* Prior to the sale of LMMP's assets, Appellant had filed various challenges to the sale and filed this adversary proceeding against PECAS and Chabad on July 17, 2020. *Id.* at 3.

On July 17, 2020, Merritt initiated the Adversary Case. A month later, he filed his proposed FAC. In his December 28, 2021 Dismissal Order, Hon. Neil W. Bason, United States Bankruptcy Judge, held that even if Merritt "conceivably could have some sort of claims against PECAS and Chabad," despite his "settlement with, and sale of assets to, PECAS," there was no jurisdiction over his claims because they do not "arise under" any provision of the Bankruptcy Code, "arise in" a pending bankruptcy case, nor are they "related to" this bankruptcy case within the meaning of 28 U.S.C. section 1334. Dismissal Ord. at 9–10. Accordingly, Judge Bason denied Merritt leave to amend his complaint and dismissed the Adversary Case against PECAS and Chabad for lack of jurisdiction. *Id.*

Merritt appealed the Bankruptcy Court order. *See* NOA. On appeal, Merritt argues, *inter alia*, that the Bankruptcy Court erred in dismissing his claims because "there were illegal, fraudulent and unclean conduct and actions by PECAS, LLC, the Debtor, and other

third parties/defendants, to his legal detriment and damage as an interested party, creditor, and person with an equity interest." AOB at 3.

## III.
## JURISDICTION

The Court has appellate jurisdiction pursuant to Federal Rule of Bankruptcy Procedure 8005 and 28 U.S.C. section 158(c)(1). Under Rule 8005 and section 158(c)(1), parties may elect to have an appeal heard by a district court instead of the Bankruptcy Appellate Panel. Fed. R. Bankr. P. 8005; 28 U.S.C. § 158(c)(1).

## IV.
## STANDARD OF REVIEW

A district court reviews questions of the Bankruptcy Court's jurisdiction *de novo*. *In re Ray*, 624 F.3d 1124, 1130 (9th Cir. 2010).

## V.
## DISCUSSION

28 U.S.C. section 1334 grants district courts (and bankruptcy courts by reference) "original but not exclusive jurisdiction of all civil proceedings arising under title 11," the Bankruptcy Code, "or arising in or related to cases under title 11." *See* 28 U.S.C. § 1334(b); *see also Stern v. Marshall*, 564 U.S. 462, 473 (2011).

This language creates three statutory bases of bankruptcy jurisdiction. The first category is simply for proceedings that "arise[] under" title 11, invoked in cases involving a claim grounded in a substantive provision in the bankruptcy code. *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010). The second category is claims or proceedings that "arise[] in" title 11, where they may not be "created or determined by the bankruptcy code," but "would have no existence outside of a bankruptcy case." *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737 (9th Cir. 2009). The third—

and broadest—category is cases that are merely "related to" title 11, that is, if their outcome could have *any convincible effect* on the estate being administered in bankruptcy. *McGuire v. United States*, 550 F.3d 903, 911–12 (9th Cir. 2008) (emphasis added) (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).

Here, the sole question before the Court is whether Merritt's claims arise under, arise in, or are related to title 11 of the Bankruptcy Code such that the Bankruptcy Court is authorized and empowered to proceed over his claims. *See* NOA at 10 (dismissing adversary proceeding for lack of jurisdiction). In the Adversary Case, Merritt seeks to bring three distinct claims: (1) a declaratory judgment to quiet title; (2) violation of the California Business and Professional Code of Conduct 17200; and (3) a claim for fraudulent transfer. Bankr. Ord. at 6–7.

The Dismissal Order does not explain its bases for concluding there is no "arising under" or "arising in" jurisdiction, but Merritt's claims are state law claims that would exist independently of any bankruptcy proceeding. Dismissal Ord. at 10.

Unlike the first two categories, "[a] bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." *In re Wilshire* Courtyard, 729 F.3d 1279, 1287 (9th Cir. 2013) (quoting *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) (internal quotation marks omitted)). In cases such as this one in which the bankruptcy plan has already been fully administered, the Ninth Circuit instructs courts to use a "close nexus" test, encompassing matters "affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (internal quotation omitted).

Here, it would be impossible for any of Merritt's claims to impact the bankruptcy plan. The Debtor fully settled his claims with PECAS, and executed a mutual release of claims. Dismissal Ord. at 8. As Judge Bason noted, the bankruptcy estate "remains hopelessly insolvent, and the alleged equity held by persons such as Plaintiff is worthless." *Id.* In fact, the estate only had $78,000 to repay over $2,000,000 of debt claims against it.

*See* Chap. 7 Trustee's Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and Application to be Discharged at 2, Lead Case, Doc. # 354. Given these facts, the resolution of Merritt's claims could not possibly affect the administration of the bankruptcy estate. *See In re Fietz*, 852 F.2d at 457.

## VI.
## CONCLUSION

In light of the foregoing, the Court **AFFIRMS** the Bankruptcy Court's Order dismissing the adversary proceeding between Plaintiff-Appellant and Defendant-Appellees and denying leave to file an amended complaint.

**IT IS SO ORDERED.**

DATED: July 17, 2023

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court